806 So.2d 81 (2001)
Ronald S. RUIZ
v.
Frank J. ONIATE, Jr.
Frank J. Oniate, Jr.
v.
Lanzin Magee and Boh Bros. Construction Company, Inc.
Frank J. Oniate, Jr.
v.
St. Jude Medical Center, Inc.
Frank J. Oniate, Jr.
v.
Mahorner Clinic, et al.
Nos. 2000-CA-2105 to 2000-CA-2108.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2001.
*82 Richard Ieyoub, Attorney General, Miles G. Trapolin, Special Assistant Attorney General, Trapolin Law Firm, New Orleans, LA, Counsel for Defendant-Appellee.
Vincent J. Glorioso, Jr., Glorioso Law Firm, and Robert A. Caplan, Lewis & Caplan, APLC, New Orleans, LA, and Charles O. Taylor, Nelson, Hammons & Self, Lake Charles, LA, Counsel for Plaintiff/Appellant, Frank Oniate, Jr.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, and Judge DAVID S. GORBATY.
JOAN BERNARD ARMSTRONG, Judge.
This is a medical malpractice case. The plaintiff seeks a judgment declaring that the $500,000 statutory cap on medical malpractice judgments is unconstitutional. The trial court granted a summary judgment for the defendant and the plaintiff appeals. Because the constitutionality of the statutory cap has been upheld in prior decisions, we will affirm the judgment of the trial court.
The plaintiff-appellant sued the State of Louisiana, Medical Center of Louisiana, Medical Center of Louisiana at New Orleans (Charity Hospital) for medical malpractice and it was determined that there was liability and that the plaintiff had suffered damages in excess of $500,000. The trial court, and this court in a previous appeal in this case, held that the statutory cap is not applicable in this case. However, the Supreme Court held that the statutory cap is applicable and, in response to the plaintiffs argument that the statutory cap is unconstitutional, remanded the case to the trial court for further proceedings. The trial court then granted a summary judgment for the defendant holding that the statutory cap is constitutional. The plaintiff then brought the present appeal.
In Butler v. Flint Goodrich Hospital, 607 So.2d 517 (La.1992), cert. Denied, 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993), the Supreme Court held that the $500,000 statutory cap applicable to private health care providers, which is very similar to the $500,000 statutory cap applicable to public health care providers which is at issue in the present case, is constitutional. In Williams v. State, 97-0055 *83 (La.12/2/97), 703 So.2d 579, the Supreme Court determined that the $500,000 statutory cap applicable to public health care providers does not violate the Louisiana constitutional proscription against sovereign immunity.
In Batson v. South Louisiana Medical Center, 98-0038 (La.App. 1 Cir. 12/28/98), 727 So.2d 613, the First Circuit held that the $500,000 statutory cap applicable to public health care providers does not violate the equal protection or access to courts provisions of the proscription on special laws of the Louisiana Constitution. The Supreme Court reviewed the First Circuit's Batson decision, and reversed it in part on other grounds, but did not grant certiorari as to, or address, the constitutionality of the statutory cap. See Batson v. South Louisiana Medical Center, 99-0232 (La.11/19/99), 750 So.2d 949. The plaintiff relies upon our decision in Whitnell v. Silverman, 93-2468 (La.App. 4 Cir. 11/4/94), 646 So.2d 989, but that decision was reversed by the Supreme Court in Whitnell v. Silverman, 95-0112 (La.12/6/96) 686 So.2d 23. Based upon careful study of all of this case law, we are convinced that the $500,000 statutory cap on medical malpractice judgments against public health care providers in constitutional.
The plaintiff argues that the Supreme Court's remand in the present case requires an evidentiary hearing as to the constitutionality of the statutory cap and that, thus, the decision as to that issue by summary judgment in the trial court was not proper. However, the Supreme Court's decision merely noted that, at that point in this case, neither the trial court nor this court had addressed the constitutional issue and the Supreme Court simply remanded the case to the trial court "for further proceedings consistent with this opinion" without specifying whether those further proceedings had to be an evidentiary hearing or could be a summary judgment. Thus, the Supreme Court's remand did not prohibit summary judgment. Consequently, because there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law, La.Code Civ. Proc. Art. 966, summary judgment was a perfectly proper procedure below.
This issue of the constitutionality of $500,000 statutory caps on medical malpractice judgments against both private and public health care providers has been resolved previously. The resolution of that issue is that those caps are constitutional. That resolution is applicable to the present case. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.