J^SHORTESS, J.
This appeal places at issue the constitutionality of Louisiana Revised Statute 40:1299.39, which limits the liability of state health-care providers in a medical-malpractice action for general damages and lost wages to a $500,000 statutory cap.
PROCEDURAL HISTORY
This matter has been before us previously on different issues. The facts are detailed in a prior opinion and will not be repeated here. In Armand v. State[3] (Armand I), we affirmed the district court’s finding of liability against Earl K. Long Hospital for negligence in rendering medical treatment to Derek Armand, including a failure to properly diagnose meningitis. However, we found the district court erred in concluding that the matter involved “administrative negligence” to which the medical-malpractice-damages cap did not apply. Accordingly, that portion of the judgment was reversed, rendering plaintiffs’ recovery subject to the statutory cap of $500,000 provided for in Revised Statute 40:1299.39. Consequently, the district court’s total damage award of almost $7,000,000 was amended to limit the general damages award to $500,000 to comply with the statute.[4] •
In plaintiffs’ first supplemental and amending petition, they asserted as a “second cause of action” that the statutory provisions restricting their right to recover full damages, Revised Statutes 40:1299.39, et seq., and 13:5101, are unconstitutional. Plaintiffs’ petition sought a declaratory judgment regarding their constitutional challenges, requested that a trial on this issue be held separate from the main demand, and specifically moved the court for an order severing the second cause of action. By order of the court, the constitutional challenge was |Rsevered from the main demand and made the subject of a declaratory action “to be heard at a date to be set by the Court.”
Trial was held on the main demand on September 15, 1997, and judgment was rendered on October 14, 1997. The district court did not address the issue of the constitutionality of the statutory liability limits at the time of its original decision. As noted earlier, that judgment was appealed; we affirmed in part, reversed and rendered in part, amended in part, and as amended, affirmed in part. That decision became final when the Supreme Court denied certiorari in May 1999.
In September 1999, plaintiffs filed a motion and order for a status conference with the district court regarding the previously severed claims raising the issue of constitutionality, and asserting that those issues were now “ripe for resolution.” In October 1999, defendants filed a motion for summary judgment on the issue of constitutionality. In March 2000, plaintiffs filed a cross motion for summary judgment, asserting that Revised Statute 40:1299.39 was unconstitutional as a matter of law.
The motions for summary judgment were heard on March 13, 2000, following which the district court issued oral reasons for judgment. A judgment denying plain *673 tiffs’ motion and granting defendants’ motion was rendered and signed on March 23, 2000, dismissing plaintiffs’ action. Plaintiffs appeal that judgment.
EXCEPTION OF RES JUDICATA
On July 18, 2000, defendants filed an exception of res judicata in this court asserting that the judgment assigning liability and quantum, which became final and definitive when the state supreme court denied certiorari, foreclosed further litigation of the issue of the constitutionality of the limitation of liability imposed by Revised Statute 40:1299.39. We find no merit to this argument. Plaintiffs | ¿asserted the challenge to the constitutionality of Revised Statute 40:1299.39 in their first supplemental and amending petition and also specifically requested that the issue be severed from the main demand. This request was granted by court order. Further, at the initial trial, only liability and damages were determined; the constitutional challenge was neither addressed, argued, nor decided. For the purpose of res judicata, when the court in the first action has expressly reserved plaintiffs’ right to maintain the second action, the first action fails to acquire the authority of the thing adjudged as to the second action.[5] Clearly, then, the prior judgment adjudicating liability and awarding quantum is not res judicata as to the issue of constitutionality. Defendants’ exception is overruled.
CONSTITUTIONALITY OF REVISED STATUTE 40:1299.39
Plaintiffs challenge the limitation of liability provision of the Malpractice Liability for State Services Act (MLSSA) on several state constitutional grounds: (1) it violates Article V, Section 16 by restricting the district court’s original jurisdiction to impose an adequate remedy under Article I, Section 22; (2) it violates the Article II, Section 2 principle of separation of powers; (3)it violates the state’s waiver of sovereign immunity found in Article XII, Section 10; and (4) it denies plaintiffs equal protection under the law as provided in Article I, Section 3.
One of the constitutional challenges asserted by plaintiffs questions whether the relief available under Revised Statute 40:1299.39 is sufficient to afford an “adequate remedy” within the meaning of Article I, Section 22 of the state constitution. In conjunction with this allegation, plaintiffs identify two other constitutional provisions, the alleged concerted violation of which has resulted in plaintiffs being deprived of an adequate remedy. Those additional constitutional provisions referenced are Article II, Section 2, mandating separation of powers in Instate government, and Article V, Section 16, fixing original jurisdiction in the district courts of this state.[6]
In evaluating the constitutionality of Revised Statute 40:1299.39 in relation to Article I, Section 22, courts have also employed a substantive-due-process analysis. Finding that the legislation at issue (1) relates to economic and social welfare issues, and (2) does not infringe upon fundamental rights nor adversely affect a suspect class, it has been held that the appropriate test to apply under the due-process analysis is “whether the regulation is reasonable in relation to the goal to be attained and is adopted in the interest *674 of the community as a whole.”[7] In applying this particular, substantive-due-process test, this court has concluded that th.e effect of the statute is rationally related to the espoused state purpose of assuring the continued availability of quality healthcare and therefore is constitutional.[8]
The district court, in its oral reasons for judgment, felt bound by our holding in Batson v. South Louisiana Medical Center [9] when it granted the State’s motion for summary judgment and dismissed plaintiffs’ suit. The Fourth Circuit in Ruiz v. Oniate[10] noted that
In Batson v. South Louisiana Medical Center, 98-0038 (La.App. 1st Cir.12/28/98), 727 So.2d 613, the First Circuit held that the $500,000 statutory cap applicable to public health care providers does not violate the equal protection or access to courts provisions of the proscription on special laws of the Louisiana Constitution. The Supreme Court reviewed the First Circuit’s Batson decision, and | fireversed it in part on .other grounds, but did not grant certiorari as to, or address, the constitutionality of the statutory cap.
Ruiz was before the Fourth Circuit a second time, having been remanded by the Supreme Court,[11] which held that Charity Hospital employees were “persons” covered under the MLSSA and that Charity’s liability' was vicarious, entitling it to the statutory cap on damages provided by Revised Statute 40:1299.39. The predicate for the holding, of course, was the implicit recognition that the cap was constitutional.
The Supreme Court also noted that the lower court pretermitted the issue of constitutionality, finding the cap to be inapplicable. The Supreme Court stated: “[W]e find otherwise.”[12]
Then, on remand, the Fourth Circuit ruled on motion for summary judgment that the cap was constitutional, noting:
This issue of the constitutionality of $500,000 statutory caps on medical malpractice judgments against both private and public health care providers has been resolved previously. The resolution of that issue is that those caps are constitutional[13]
In 1993 the Supreme Court in Chamberlain v. State[14] decided that Revised Statute 13:5106(B)(1), which limits recovery in suits against the state, was unconstitutional. Subsequently, the voters of Louisiana in 1995 amended the constitution for the purpose of partially limiting the waiver of sovereign immunity by authorizing the legislature-to set recovery limits.[15]
*675 17Furthermore, nothing presently exists in our law that permits a court to depart from traditional notions of constitutional law to conclude that Revised Statute 40:1299.39 violates our constitution. Our research indicates no Louisiana appellate court since Chamberlain in 1993 has so held after analyzing due process, adequate remedy, original jurisdiction, sovereign immunity, and separation of powers issues presented in similar cases involving claims against both private[16] and public healthcare providers.[17]
The remainder of this suit,[18] limited to the constitutional issue, addresses itself to the legislature rather than the judicial process. As aforesaid, our constitution provides for the remedy. If the cap is to be changed, it must be by the power of the legislature.[19] The decision of the district court is affirmed, and all costs are taxed to plaintiffs.
AFFIRMED.
GUIDRY, J., concurs.

. 97-2958 (La.App. 1st Cir.2/23/99), 729 So.2d 1085, writ denied, 99-0842 (La.5/14/99), 741 So.2d 661.

.Armand I, 97-2958 at 23, 729 So.2d at 1095.

. Stroik v. Ponseti, 96-2897, p. 6 (La.9/9/97), 699 So.2d 1072, 1077.

. However, as provided in Article V, Section 16(A), there are some exceptions provided in the constitution to the district courts' exercise of original jurisdiction.

. Everett v. Goldman, 359 So.2d 1256, 1268 (La.1978); Sibley v. Board of Supervisors, 462 So.2d 149, 157, rev'd, in part on reh'g on other grounds, 477 So.2d 1094 (La.1985)

. Batson v. South La. Med. Ctr., 98-0038, p. 14 (La.App. 1st Cir.12/28/98), 727 So.2d 613, 620, rev'd, in part, on other grounds, 99-0232 (La.11/19/99), 750 So.2d 949.

. Id.

. 00-2105, p. 2 (La.App. 4th Cir.12/27/01), 806 So.2d 81, 83.

. 97-2412 (La.5/19/98), 713 So.2d 442.

. 97-2412 at 11, 713 So.2d at 449.

. Ruiz, 00-2105 at 3, 806 So.2d at 83.

. 624 So.2d 874, 879 (La.1993).

. Article XII, Section 10(C) provides in pertinent part: "[T]he legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages.” Article XII, Section 10(C) was amended by Acts 1995, No. 1328, § 1, was approved October 21, 1995, and became effective November 23, 1995.

. The liability of private health-care providers is limited by Louisiana Revised Statute 40:1299.42. The following cases have addressed the constitutionality of the cap imposed by that statute: Miller v. Southern Baptist Hosp., 00-1352, p. 21 (La.App. 4th Cir.11/21/01), 806 So.2d 10, 24, writ denied, 01-3379 (La.3/28/02), 811 So.2d 943; Moody v. United Nat’l Ins. Co., 95-0001, p. 6 (La.App. 5th Cir.5/10/95), 657 So.2d 236, 240, writs denied, 95-2063, 2085 (La.11/17/95), 663 So.2d 713; Turner v. Massiah, 94-0029, pp. 14-15 (La.App. 5th Cir. 7/1/94), 641 So.2d 610, 620, rev’d in part on other grounds, 94-2548 (La.6/16/95), 656 So.2d 636.

. See, e.g., Williams v. O’Neill, 99-2575, pp. 8-10 (La.App. 4th Cir.3/13/02), 813 So.2d 548, 555-556, writ denied, 02-1029 (La.5/24/02), 816 So.2d 859; Williams v. State, 97-0055, p. 5 (La.12/2/97), 703 So.2d 579, 582; ; Levron v. State, 94-2094, p. 16 (La.App. 4th Cir.4/24/96), 673 So.2d 279, 291, writs denied, 96-1684 (La.10/4/96), 679 So.2d 1387 & 96-1723 (La.10/4/96), 679 So.2d 1391.

. During the progress of this appeal, plaintiffs filed . a motion for reconsideration, rehearing, reinstatement of Armand I, which we denied. In considering this motion we learned that a partial satisfaction of the judgment in Armand I had been executed by plaintiff Susan Armand on June 25, 1999.

. Art. XII, Section 10(C).